**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Michael Keith Schugg, dba Schuburg Holsteins,<br><br>    Debtor.<br>_____<br>In re:<br><br>Debra Schugg,<br><br>    Debtor.<br>_____<br>Wells Fargo Bank, N.A.,<br><br>    Appellant,<br><br>vs.<br><br>Michael Keith Schugg, dba Schuburg Holsteins,<br><br>    Appellee.<br>_____ | No. CV 07-01371-PHX-JAT<br><br>**ORDER**<br><br>BK No. 2-04-13226-PHX-GBN<br>BK No. 2-04-19091-PHX-GBN<br><br>(Jointly Administered and Substantively Consolidated) |

    Pending before the Court are Appellee Michael Keith Shugg's Motion to Dismiss Appeal (Doc. # 3) and a Joint Motion to Consolidate Appeals or to Dismiss (Doc. # 47).

    In the present appeal (Civil Docket No. 2:07-cv-01371-JAT) (hereinafter the "First Appeal"), Appellant Wells Fargo Bank seeks reversal of the Bankruptcy Court's order finding Appellant liable to the bankruptcy estate for attorney's fees. Believing the First Appeal to be from an interlocutory order because the amount of fees had not been determined, Appellee

1 filed a motion to dismiss (Doc. # 3).  Thereafter, the Bankruptcy Court entered a final order 2 determining the amount of attorney's fees owed the bankruptcy estate and Appellant filed 3 another appeal (Civil Docket No. 2:07-cv-01962-JAT) (hereinafter the "Second Appeal"), 4 which appeal also is pending before this Court.  The parties represent that the Second 5 Appeal, like the First Appeal, addresses only Appellant's liability for attorney's fees and does 6 not address the amount of the fees awarded.

7 In the Joint Motion to Consolidate Appeals or to Dismiss (Doc. # 47), Appellee states 8 that he withdraws the motion to dismiss filed in response to the First Appeal.  The parties 9 also request that the Court enter an order consolidating the Second Appeal with the First 10 Appeal.  In the alternative, the parties request that the Court enter an order determining that 11 the First Appeal is procedurally and jurisdictionally sound and dismissing the Second 12 Appeal.  In resolving the pending motions, the Court will not allow Appellee to withdraw the 13 motion to dismiss filed in response to the First Appeal.  Instead, the Court will consider the 14 motion.

15 Appeals from a bankruptcy court may be taken "from all final judgments, orders, and 16 decrees."  28 U.S.C. § 158(a).  Because "certain proceedings in a bankruptcy case are so 17 distinctive and conclusive either to the rights of individual parties or the ultimate outcome 18 of the case," the Ninth Circuit has developed a "pragmatic approach" to determine whether 19 a bankruptcy court order is final. *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1363 (9th 20 Cir. 1992) (citations omitted).  Under that approach, a bankruptcy court order that "resolves 21 and seriously affects substantive rights" or "finally determines the discrete issue to which it 22 is addressed" is final and, therefore, appealable. *Id.* (citations omitted).

23 In this case, the Court does not find that the bankruptcy court proceedings involving 24 Appellant's liability for attorney's fees justify application of the "pragmatic approach" 25 discussed in *In re Frontier Properties*.  Appellant has failed to show that such proceedings 26 are distinctive insofar as they are different in nature or quality from non-bankruptcy court 27 proceedings involving similar issues.  And, while Appellant argues that the order "resolves 28 and seriously affects substantive rights," as Appellee notes, many interlocutory decisions

1 affect substantive rights but do not constitute final orders for purposes of appeal.
2 Accordingly, the Court concludes that the Bankruptcy Court's order made subject of the First
3 Appeal is not a final order and the Court lacks subject matter jurisdiction over the First
4 Appeal. Therefore, the Court will grant Appellee's Motion to Dismiss Appeal (Doc. # 3).[1]

5 Because the First Appeal will be dismissed, the Scheduling Order in the Second
6 Appeal will stand. To satisfy the Scheduling Order, the parties may re-file in the Second
7 Appeal the briefs originally filed in the First Appeal or may file new briefs.

8 For the foregoing reasons,

9 **IT IS ORDERED** that the Motion to Dismiss Appeal (Doc. # 3) is GRANTED and
10 the Clerk of Court shall enter judgment accordingly;

11 **IT IS FURTHER ORDERED** that the Joint Motion to Consolidate Appeals or to
12 Dismiss (Doc. # 47) is DENIED as moot;

13 **IT IS FURTHER ORDERED** that the Scheduling Order in Civil Docket No. 2:07-
14 cv-01962-JAT stands. The parties may re-file therein the briefs originally filed in the First
15 Appeal or may file new briefs.

16 DATED this 11th day of December, 2007.

_____
James A. Teilborg
United States District Judge

---

[1] The Joint Motion to Consolidate Appeals or to Dismiss (Doc. # 47) will be denied because dismissal of the First Appeal moots the relief sought. The Court also questions whether filing in the First Appeal a motion to dismiss the Second Appeal is procedurally proper.