**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Michael Keith Schugg, dba Schuburg Holsteins,<br><br>　　　　Debtor.<br>_____<br>In re:<br><br>Debra Schugg,<br><br>　　　　Debtor.<br>_____<br><br>Wells Fargo Bank, N.A.,<br><br>　　　　Appellant,<br><br>vs.<br><br>Michael Keith Schugg, dba Schuburg Holsteins,<br><br>　　　　Appellee.<br>_____ | No. CV 07-1371-PHX-JAT<br><br>**ORDER**<br><br>BK No. 2-04-13226-PHX-GBN<br>BK No. 2-04-19091-PHX-GBN<br><br>(Jointly Administered and Substantively Consolidated) |

Pending before the Court is Michael Keith Schugg's Amended Motion for Attorneys' Fees (Doc. # 55). The parties have fully briefed this motion.

**I.    Background**

On July 16, 2007, Wells Fargo appealed an order of the U.S. Bankruptcy Court finding Wells Fargo liable to the bankruptcy estate for attorneys' fees. This Court subsequently dismissed the appeal for lack of subject matter jurisdiction, finding that the

1 underlying order of the Bankruptcy Court was interlocutory. Thereafter, Schugg filed the
2 present motion pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule of Civil
3 Procedure 54.2 seeking to recover the attorneys' fees he incurred in opposing Wells Fargo's
4 improvidently taken appeal.

**II.     Discussion**

Schugg contends that he is entitled to recover his attorneys' fees under section 12-341.01 of the Arizona Revised Statutes ("A.R.S."). Under this statute, a court may award "reasonable attorney fees" to "the successful party" in "any contested action arising out of contract." Schugg maintains that this appeal "arises out of contract" because the underlying action in Bankruptcy Court arose out of contract, and that he is the "successful party" because the Court dismissed Wells Fargo's appeal for lack of jurisdiction. Wells Fargo argues that this appeal does not "arise out of contract" because the underlying action in Bankruptcy Court did not "arise out of contract," and that Schugg is not the "successful party" in this appeal because the Court did not address the merits of the appeal.[1]

Even assuming for the sake of argument that this appeal "arises out of contract," Schugg may not recover his attorneys' fees under A.R.S. § 12-341.01 because he is not a "successful party" within the meaning of the statute. A party may recover attorneys' fees as the "successful party" on appeal from an interlocutory order only "if the appeal process finally determines an issue of law sufficiently significant that the appeal may be considered as a separate unit." *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1048-49 (Ariz. 1985). Because the Court dismissed the appeal from the Bankruptcy Court's interlocutory

---

[1] Wells Fargo also argues that Schugg's motion is procedurally improper. Schugg filed his motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule of Civil Procedure 54.2. Wells Fargo maintains that neither of these rules provides an appropriate procedural basis for Schugg's motion, suggesting instead that the Local Rules of Bankruptcy Appeal Procedure ("LRBankr") apply and because they are silent on attorneys' fees, pursuant to LRBankr 8018-1 the appropriate procedural basis would have to come from the Rules of the United States Court of Appeals for the Ninth Circuit and the Federal Rules of Appellate Procedure. Because the Court concludes that Schugg may not recover fees under A.R.S. § 12-341.01, the Court does not address this issue.

1 order for lack of subject matter jurisdiction, the Court did not determine "an issue of law
2 sufficiently significant that the appeal may be considered . . . a separate unit."  Therefore,
3 Schugg is not a "successful party" within the meaning of A.R.S. § 12-341.01 and may not
4 recover attorneys' fees under this statute.

5     For the foregoing reasons,

6     **IT IS ORDERED** that the Amended Motion for Attorneys' Fees (Doc. # 55) is
7 **DENIED**.

8     DATED this 26th day of June, 2008.

_____
James A. Teilborg
United States District Judge